

State of New York
Supreme Court, Appellate Division
Third Judicial Department
**Attorney Grievance Committee**
286 Washington Avenue Extension, Suite 200
Albany, NY 12203-6320

(518) 285-8350
fax (518) 453-4643
http://www.nycourts.gov/ad3/agc
ad3agc@nycourts.gov
Service by Facsimile or Email is not accepted

Lisa A. Burgess, Esq.
Committee Chair

Monica A. Duffy
Chief Attorney

Lauren S. Cousineau
Principal Attorney

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL - 2 2019 ★
rec'vd
BROOKLYN OFFICE

**CONFIDENTIAL**

June 11, 2019

U.S. District Court for the Eastern District of New York
Paula Marie Susi
Chief Clerk of Grievance Committee
225 Cadman Plaza East
Brooklyn, NY 11201

Re: **Matter of Jack Sudla Vitayanon**

Dear Ms. Susi:

Enclosed for your information is a copy of a Memorandum and Order on Motion issued by the Appellate Division, Third Judicial Department, on June 6, 2019 disciplining the above referenced attorney. If you require additional documents regarding this disciplinary matter, please contact the Clerk's Office of the Appellate Division, Third Judicial Department at (518) 471-4777.

Very truly yours,

Lauren S. Cousineau
Principal Attorney
Attorney Grievance Committee
LSC/tsc
Enclosure

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   JUL – 2 2019   ★

BROOKLYN OFFICE

*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: June 6, 2019 PM-71-19

---

In the Matter of JACK SUDLA VITAYANON, an Attorney.

(Attorney Registration No. 4076022)

MEMORANDUM AND ORDER ON MOTION

---

Calendar Date: April 22, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.

---

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Phillips Nizer LLP, New York City (Bradley D. Simon of counsel), for respondent.

---

Per Curiam.

Respondent was admitted to practice by this Court in 2002 and currently lists a business address in Paterson, New Jersey with the Office of Court Administration. In December 2017, respondent pleaded guilty in the United States District Court for the Eastern District of New York to the crime of conspiracy to distribute and possess with intent to distribute 500 grams or more of a substance containing methamphetamine (see 21 USC § 841 [a] [1]; [b] [1] [A] [viii]; 21 USC § 846). Therefore, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves, pursuant to Judiciary Law § 90 (4) (a) and (b) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (a), to strike respondent's name from the roll of attorneys due to his felony conviction. In response to the

motion, respondent has submitted an affidavit of counsel and accompanying personal affidavit expressing remorse for his misconduct and consenting to his disbarment by operation of law if this Court deems it appropriate.

Pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and [counselor]-at-law who shall be convicted of a felony as defined in [Judiciary Law § 90 (4) (e)], shall[,] upon such conviction, cease to be an attorney and [counselor]-at-law." As is relevant here, felony offenses that suffice for automatic disbarment pursuant to Judiciary Law § 90 (4) (a) include "any criminal offense committed in any . . . territory of the United States and classified as a felony therein which[,] if committed within this state, would constitute a felony in this state" (Judiciary Law § 90 [4] [e]). It is not necessary that the foreign felony be a "mirror image" of the New York felony; rather, the statutes need only be essentially similar to trigger automatic disbarment (Matter of Margiotta, 60 NY2d 147, 150 [1983]; see Matter of Goncalves, 161 AD3d 1377, 1379 [2018]). Accordingly, we begin our inquiry into essential similarity with a "comparison of the language of the applicable statutes along with any precedent pertaining to the foreign felony at issue" (Matter of Hand, 164 AD3d 1006, 1007-1008 [2018]).

AGC's motion asks this Court to strike respondent's name from the roll of attorneys based upon his conviction of conspiracy to distribute and possess with intent to distribute methamphetamine (see 21 USC § 846; see also 21 USC § 841 [a] [1]), which it contends is essentially similar to conspiracy in the second degree, a class B felony in New York (see Penal Law § 105.15). Pursuant to 21 USC § 846, a person is guilty of conspiracy when he or she conspires to violate the drug laws of the United States as contained in title 21, subchapter I of the United States Code (see 21 USC § 846; see United States v Praddy, 725 F3d 147, 153 [2d Cir 2013]). By comparison, a person is guilty of conspiracy in the second degree in New York when he or she, "acting with intent that conduct constituting a class A felony . . . be performed, agree[s] with one or more persons to engage in or cause the performance of such conduct,

and that one of the coconspirators committed an overt act in
furtherance of the conspiracy" (People v Rankin, 117 AD3d 1231,
1232 [2014]; see Penal Law § 105.15).  Although the relevant
statutes are similar, as they concern the essential elements of
conspiracy, we must also consider the essential similarity of
the substantive offense that constitutes the object of the
conspiracy, which offense, in this state, determines the
specific degree applicable to the conspiracy (see Matter of
Hand, 164 AD3d at 1007-1008; Matter of DuBose, 132 AD3d 180, 183
[2015]; Matter of Carbonaro, 94 AD2d 299, 299-300 [1983]).

     In this respect, AGC contends that 21 USC § 841 (a) (1),
the object of respondent's conspiracy, is essentially similar to
criminal possession of a controlled substance in the second
degree, a class A-II felony in New York (see Penal Law §
220.18).  The relevant portion of Penal Law § 220.18 provides
that "[a] person is guilty of criminal possession of a
controlled substance in the second degree when he or she
knowingly and unlawfully possesses . . . one or more
preparations, compounds, mixtures or substances containing
methamphetamine, its salts, isomers or salts of isomers and said
preparations, compounds, mixtures or substances are of an
aggregate weight of two ounces or more" (Penal Law § 220.18
[2]).  In comparison, the federal statute charged as the object
of respondent's conspiracy makes it "unlawful for any person
knowingly or intentionally . . . to manufacture, distribute, or
dispense, or possess with intent to manufacture, distribute, or
dispense, a controlled substance" (see 21 USC § 841 [a] [1]).
Further, the federal statute delineates certain aggravated
offenses based upon drug type and quantity that must be pleaded
in the indictment and proven as elements of those offenses (see
United States v Gonzalez, 420 F3d 111, 123 [2d Cir 2005]; United
States v Thomas, 274 F3d 655, 673 [2d Cir 2001]).

     Here, respondent was indicted and convicted of an
aggravated drug offense, specifically, conspiring to distribute
and possess with intent to distribute 500 grams or more of a
substance containing methamphetamine (see 21 USC § 841 [a] [1];
[b] [1] [A] [viii]; 21 USC § 846).  In this respect, the object
of respondent's conspiracy constitutes a drug possession offense

of a drug type and quantity that exceeds those specified in Penal Law § 220.18 (2), which therefore renders his federal conspiracy offense essentially similar to Penal Law § 105.15 (see Matter of Canton, 303 AD2d 902, 902 [2003]; Matter of McKeon, 211 AD2d 240, 241 [1995]). Based on our conclusion, respondent was disbarred by operation of law on the date of his guilty plea and, therefore, we grant AGC's motion and strike respondent's name from the roll of attorneys and confirm his disbarment nunc pro tunc to December 15, 2017 (see Matter of Percoco, 171 AD3d 1450 [2019]; Matter of Sherwood, 164 AD3d 1539 [2018]).

Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ., concur.

ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further

ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to December 15, 2017; and it is further

ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further

ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

ENTER:

Robert D. Mayberger
Clerk of the Court

APPELLATE DIVISION SUPREME COURT - THIRD DEPARTMENT
STATE OF NEW YORK
I, ROBERT D. MAYBERGER, Clerk of the Appellate Division of the Supreme Court Third Judicial Department, do hereby certify that I have compared this copy with the original thereof filed in said office on 6-6-19 and that the same is a correct transcript thereof and of the whole said original. IN WITNESS WHEREOF I have hereonto set my hand and affixed the seal of this Court on 6-6-19.

**State of New York**
**Supreme Court, Appellate Division**
**Third Judicial Department**
**Attorney Grievance Committee**
286 Washington Avenue Ext. Suite 200
Albany, New York 12203

NEOPOST FIRST-CLASS MAIL
06/11/2019
US POSTAGE $000.50º



ZIP 12203
041L11257671

SWSU

U.S. District Court for the Eastern District of New York
Paula Marie Susi
Chief Clerk of Grievance Committee
225 Cadman Plaza East
Brooklyn, NY 11201

CONFIDENTIAL

11201$1818 C030